UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JERRY VOLAND,

        Plaintiff,

v.                            Case No. 1:17-CV-02494-WCG-MPB

CORIZON CORRECTIONAL
MEDICAL CORPORATION et al.,

        Defendant.

**ENTRY DISCUSSING COMPLAINT AND DISMISSING CLAIMS**

Plaintiff Jerry Voland, who is incarcerated at New Castle Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $27.54. Thus, Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). The complaint must contain sufficient factual matter "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Furthermore, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## ALLEGATIONS OF THE COMPLAINT

It appears from the complaint that Voland is attempting to allege violations of his First and Eighth Amendment rights. According to Voland, he was assaulted on August 21, 2015, and required medical attention. He reported the assault on the day it occurred, and he filed a medical request the following day, August 22, 2015. He also alleges that he continued to complain of his injuries to correctional and medical staff from August 26, 2015, and onward, but that they disregarded his complaints and request for medical attention. Specifically, he alleges that he reported the matter on September 8, September 26, and October 6, 2015, and received no response. On October 15, 2015, Voland filed a formal grievance. Lastly, Voland complains generically of pain in his neck, left arm, hand, and fingers; however, Voland does not allege the source of this pain or whether it was caused by the alleged attack. He also complains of a pinched nerve. Based upon these allegations, Voland claims that the correctional and medical staff were deliberately indifferent to his medical complaints and that their inaction was in retaliation for his previously filed medical complaints.

## ANALYSIS

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the

deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Voland alleges that nine different defendants violated his First and Eighth Amendment rights. For ease of understanding, the court will address similar claims together. First, the court will address the claims against the Corizon Correctional Medical Corporation ("Corizon") staff, who provide medical services to the New Castle Correctional Facility. Next, the court will address the claim directly against Corizon. Then, the court will address the claims based on a supervisory liability theory against Defendants Lemmon, Butts, and Miller. Lastly, the court will address the claim against Defendant Smith.

**I. Eighth Amendment Claim Against the Corizon Defendants**

Voland alleges that Defendants Nurse Mcnew, Nurse Practioner Dawson, Nurse Mullins, Doctor Loveridge, and Doctor Epple, who are all Corizon staff, did not provide required medical care in the form of diagnosis and treatment, in violation of the Eighth Amendments. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to an inmate's serious medical needs. *Id*. (citing *Estelle*, 429 U.S. at 103).

To demonstrate deliberate indifference, a plaintiff must show "actual knowledge by the officials and guards of the existence of the substantial risk and that the officials had considered the possibility that the risk could cause serious harm." *Washington v. LaPorte Cty. Sheriff's Dept.*, 306

4

F.3d 515, 518 (7th Cir. 2002) (citing *Farmer*, 511 U.S. at 834). Stating this another way, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id*. at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted). Ordinary negligence by prison officials, however, is not enough to demonstrate an Eighth Amendment violation. *Washington*, 306 F.3d at 518. Moreover, it is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Voland has failed to sufficiently state a claim of deliberate indifference against any of the Corizon Staff Defendants because his complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Voland alleges that he complained about his injuries over the course of several months. However, Voland provides no specifics about the dates, times, or events of his interactions with any of these individual defendants. Nor does Voland provide them with notice of what action, or inaction, he is alleging that each of them performed that was in violation of his constitutional rights. Furthermore, Voland alleges that the defendants did not perform the required medical care; however, he provides no factual allegations about what he believes the "required medical care" was or what medical care was actually provided.

Additionally, Voland's complaint fails to state a claim of deliberate indifference because he fails to allege facts that raise his right to relief above speculation. First, Voland has failed to allege a serious medical need; he merely alleges that he had general pain in his neck, left arm, hands, and fingers but requires the court to speculate as to the source and severity of the pain. Did he have a

5

broken bone that needed to be set or a slight bruise and soreness that pass in time? We can't tell from his complaint. Second, Voland has failed to allege how each defendant had subjective knowledge of his serious medical need; rather he alleges generally that he told them of his medical need. Additionally, Voland has not alleged what actions, or inactions, each defendant performed that consciously disregarded his condition. We are unable to tell from the complaint what each defendant is alleged to have known and when that would have alerted them to the need for medical treatment. Rather, Voland's accusations against Defendants Mcnew, Dawson, Mullins, Loveridge, and Epple are merely conclusory, formulaic recitations of the Eighth Amendment and the deliberate indifference standards. This is insufficient to state a viable claim of relief.

Voland's Eighth Amendment claims against Defendants Mcnew, Dawson, Mullins, Loveridge, and Epple are therefore dismissed. Because these failures could be cured, these dismissals are with leave to amend. Voland will have until November 6, 2017, to file an amended complaint curing these deficiencies. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 57 (7th Cir. 1998) (explaining that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading" (citation omitted)). If Voland wishes to amend his complaint against Defendants Mcnew, Dawson, Mullins, Loveridge, and Epple, he must allege more factual details as to the following: his serious medical need, how the defendants *each* knew of his serious medical need, and what actions, or inactions, *each* defendant took that disregarded his condition.

**II. Eighth Amendment Claim Directly Against Corizon**

Voland also alleges a § 1983 claim for deliberate indifference directly against Corizon under a *Monell* theory of liability. In *Monell v. New York City Department of Social Services*, the Supreme Court held that municipalities, like other state actors, could be subject to liability under § 1983 when their policies subject, or cause to be subjected, any United States citizen to the deprivation of a constitutional right. 436 U.S. 658 (1978). A private corporation that has contracted with the federal government to provide essential government services, like Corizon, is treated the same as municipalities for liability purposes under § 1983. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). In order to state a § 1983 claim under *Monell*, the plaintiff must allege that his constitutional violation was caused by one of the following: (1) an express municipal policy, (2) a widespread, although unwritten, custom or practice, or (3) a decision by a municipal agent who has "final policymaking authority." *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (citing *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009) and *Monell*, 436 U.S. at 694).

Voland's allegations are too insufficiently pled to plausibly state a § 1983 *Monell* claim against Corizon. Voland has not alleged an express Corizon policy, a widespread, unwritten custom, or a decision by a Corizon agent with final policymaking authority. Instead, Voland simply alleges that he reported the matters to "both the correctional and medical staff [who] would disregard my complaints and requests." Therefore, Voland alleges that the failure of *all* of the defendants to act shows a widespread custom of deliberate indifference by Corizon, the medical provider, in failing to provide service. However, Voland cannot use the actions of all the defendants, including both medical *and correctional staff*, to establish *Monell* liability against Corizon, the medical provider.

7

Furthermore, Voland has not alleged sufficient facts to determine what actions the Corizon staff did or did not take and what actions the correctional staff did or did not take. Additionally, these boilerplate allegations that merely repeat the elements of a *Monell* claim without providing any factual content are insufficient to state a claim. *See, e.g., Young v. Peoria Cty., Ill.*, No.1:16-cv-01367-JBM, 2017 WL 3741551, at *5 (C.D. Ill. Aug. 30, 2017) ("These broad allegations, coupled with not identifying which particular defendant is responsible for which policies, practice, procedures, or rules, fail to provide sufficient notice of a § 1983 *Monell* claim."); *Dennis v. Curran*, No. 16-C-6014, 2017 WL 264497, at *5 (N.D. Ill. Jan. 20, 2017) ("'Boilerplate' allegations that repeat the elements of a Monell claim without any further factual content are dismissed for failure to state a claim."); *Falk v. Perez*, 973 F. Supp. 2d 850, 855 (N.D. Ill. 2013) ("Here, by alleging 'widespread practices,' 'customs,' and 'unofficial policies,' Plaintiff merely states boilerplate legal conclusions that are the elements of her Monell claim. . . . These bare allegations of a policy or custom are not entitled to the presumption of truth.").

Therefore, Voland's Eighth Amendment claim against Corizon under a *Monell* theory of liability is likewise dismissed. Because the failure in his claim could be cured, this dismissal is also with leave to amend. Voland will have until November 6, 2017, to file an amended complaint curing the deficiencies in his claim against Corizon. In order to cure his complaint, Voland will need to make *factual allegations*, not just legal conclusions, pertaining to either (1) an express Corizon policy,(2) a widespread, though unwritten, Corizon custom or practice, or (3) a decision made by a Corizon agent with "final policymaking authority."

**III. Eight Amendment Claim Against Defendants Lemmon, Butts, and Miller**

Voland alleges that he notified Defendant Lemmon, the Indiana Department of Corrections Commissioner, and Defendant Butts, the Superintendent of Operations and Security, of the "unconstitutional situation" and that they have violated his Eight Amendment rights because they were aware of the New Castle staff's deliberate indifference of his medical care. Voland alleges that he contacted Defendant Miller, the medical supervisor of nursing for Corizon, on November 25, 2015, and alleged that Corizon had not provided required medical care in violation of the Eighth Amendment.

Therefore, Volland is alleging § 1983 claims against Defendants Lemmon, Butts, and Miller because they of their respective supervisory roles over the correctional and medical staff at New Castle. However, "[n]either respondeat superior nor negligent supervision of subordinates is an authorized ground of liability in a § 1983 claim." *Wilson v. City of Chi.*, 6 F.3d 1233, 1241 (7th Cir. 1993). Therefore, Volland cannot bring § 1983 claims against Defendants Lemmon, Butts, and Miller for their supervisory roles, and these claims are dismissed without leave to amend.

**IV. First Amendment Claim Against Defendant Smith**

Lastly, Voland alleges that Defendant Smith, the New Castle grievance officer, would send back his grievances for various reasons without resolving them. Although it is unclear from the complaint, it appears Voland is alleging that the unresolved grievances were retaliation by Defendant Smith, in violation of his First Amendment rights. But he fails to identify the protected conduct in which he engaged and for which Smith was allegedly retaliating against him. The mere fact that he may have previously filed grievances does not plausibly justify the assertion that any denial of a new

grievance was in retaliation for filing the previous one. Just because his grievance was denied does not mean that the complaint examiner was retaliating against him. That is all Voland has alleged, and it is plainly insufficient.

Furthermore, inmates have no constitutional right, or other guarantee, to have their grievances investigated to their satisfaction. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). A prison official's failure to sustain a grievance, or even a grievance procedure's inadequacies, do not create a substantive right for inmates. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 31 (7th Cir. 1996). Therefore, plaintiff's claims against Defendant Smith for her actions in the grievance procedure are dismissed without leave to amend.

## CONCLUSION

Voland's complaint must be dismissed for failure to state a claim upon which relief could be granted. If Voland wishes to proceed with his Eighth Amendment claims against Defendants Mcnew, Dawson, Mullins, Loveridge, Epple, or Corizon, he must file an amended complaint curing the deficiencies of his original complaint as described herein. **Such amended complaint must be filed on or before November 6, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda*, 133 F.3d at 1056 57. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendants Mcnew, Dawson, Mullins, Loveridge, Epple, and Corizon are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that on or before **November 6, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendants Lemmon, Butts, Miller, and Smith are **dismissed without leave to amend**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $322.46 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

    Honorable William C. Griesbach
    c/o Office of the Clerk
    United States District Court
    Eastern District of Wisconsin
    Jefferson Court Building
    125 S. Jefferson St., Rm. 102
    Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders for other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this  2nd  day of October, 2017.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge[*]
                                                Eastern District of Wisconsin

---

[*] Of the Eastern District of Wisconsin, sitting by designation.